(No. 76-CC-2736—)

JEANNETTE LEWIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 17, 1980.*

JEROME F. GOLDBERG, for Claimant.

WILLIAM J. SCOTT, Attorney General (PAUL M. SENG-PIEHL, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This case comes before the Court on a joint stipulation of the parties. That stipulation reads in its entirety, as follows:

"1. This is a claim for a retroactive salary adjustment pursuant to a reallocation originally denied by the director of personnel but reversed by the Civil Service Commission. This stipulation is entered into pursuant to the provisions of the Department of Personnel Rule 1—30.

2. Prior to June 1, 1975, Rule 1—30 provided as follows:

'Reconsideration: In the event a request for reconsideration is made by an employee within 90 days after the employee's receipt of notice of the director's decision as to the allocation of his position:

a. The director shall investigate the duties and responsibilities of such position and if necessary related positions to determine the allocation. The employee shall be given a reasonable opportunity to be heard.

b. Notice of the decision of the director shall be served on the employee in person or by registered mail.

c. If the employee does not accept the director's decision he may appeal to the Civil Service Commission, in writing, within 15 days after receipt of notice of the decision. (As revised by amendment approved by the Civil Service Commission December 16, 1966.)'

3. Effective June 1, 1975 Rule 1—30 provided as follows:

'Reconsideration: Within 30 days after receiving notice of such decision the incumbent in such position may make a request in writing of the director for a reconsideration of the decision. Thereafter, the director shall reinvestigate the duties and responsibilities of such position and related positions, if necessary, and the affected employee shall be given a reasonable opportunity to be heard.

After such investigation, the director shall render a decision in writing and it shall be served on the employee in person or by certified mail, return receipt requested at the last address shown in the personnel file. *The effective date of the director's reconsidered decision shall be the date such request for reconsideration was received by the director.* (Emphasis added.)

An employee wishing to appeal the director's reconsidered decision shall serve upon the Civil Service Commission notice of appeal of said reconsidered decision in writing within 15 days after receipt of notice of the reconsidered decision. A copy of the notice of appeal shall also be served upon the director.'

4. The director of personnel pursuant to the personnel code is given the duty and the power to promulgate a set of personnel rules which when properly filed with the Secretary of State have the force and effect of law.

5. Rule 1—30 is a rule so promulgated as above stated.

6. Rule 1—30 having the force and effect of law must be followed by the director of personnel and this Court until amended or rescinded pursuant to the statute.

7. The departmental report of the director of personnel dated May 16, 1980 and attached hereto as Exhibit A sets forth a chronology of events in the case currently before this Court which states as follows:

'December 18, 1974 The date of Jeannette Lewis' letter which requested reconsideration of the public aid case worker position and received by the director of personnel on December 18, 1974.'

8. Although Ms. Lewis was paid by the agency at the direction of the Department of Personnel only back to July 1, 1975, a strict adherence to the provisions set forth in Rule 1—30 mandate that Jeannette Lewis is entitled to retroactive salary adjustment back to December 18, 1974 (the date of the receipt of the request for reconsideration by the director of personnel).

9. The parties agree that pursuant to the provisions of Rule 1—30 and the calculations of the Department of Personnel. The *Claimant* is entitled to a retroactive salary adjustment in the amount of $462.60 to be subject to additions for employer contributions for FICA and/or retirement and likewise subject to deductions and withholdings for employee contributions to FICA and/or employee retirement as well as State and Federal income taxation."

This Court having carefully reviewed the file agrees with the position set forth in the stipulation and finds that Rule 1—30 having force and effect of law must be given effect by this Court and although the director of personnel previously directed that Claimant be paid back to July 1, 1975, it is the finding of this

Court that, pursuant to the provisions of Rule 1—30, this Claimant is entitled to the retroactive salary adjustment back to December 18, 1974, the date on which the Claimant's request for reconsideration was received by the director of personnel.

It is, therefore, ordered that this Claimant be granted an award in the amount of $462.60 subject to additional benefits for employer contributions and withholdings for employee contributions to FICA and/or retirement as well as Federal and State income tax.