(No. 80-CC-1975—)

Susan C. Farr, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed August 24, 1981.*

Susan C. Farr, *pro se*, for Claimant.

Tyrone C. Fahner, Attorney General (Glen P. Larner, Assistant Attorney General, of counsel), for Respondent.

Holderman, J.

This case comes before the Court on the motion of Respondent for summary judgment.

During August of 1977, Claimant and four other employees requested an audit of their positions, all of which were Mental Health Administrator III, pursuant to Rule 1—20 of the Rules of the Department of Personnel. After the audit, a decision was made in November of 1978 that their classifications as Mental Health Administrator III should remain the same.

In December of 1978, the other four employees requested a reconsideration of the decision, as provided for by Rule 1—30. Rule 1—30 provides as follows:

"RECONSIDERATION: Within 30 days after receiving notice of such decision the incumbent in such position may make a request in writing of the Director for a reconsideration of the decision. Thereafter, the Director shall reinvestigate the duties and responsibilities of such position and related positions, if necessary, and the affected employee shall be given a reasonable opportunity to be heard.

After such investigation, the Director shall render a decision in writing and it shall be served on the employee in person or by certified mail, return receipt requested at the last address shown in the personnel file. *The effective date of the Director's reconsidered decision shall be the date such request for reconsideration was received by the Director.*

An employee wishing to appeal the Director's reconsidered decision shall serve upon the Civil Service Commission notice of appeal of said reconsidered decision in writing within 15 days after receipt of notice of the reconsidered decision. A copy of the notice of appeal shall also be served upon the Director." (Emphasis added.)

Unlike the other four employees, Claimant did not submit a written request for reconsideration.

In September of 1979, reconsidered decisions for the other four employees were issued, under which they were reclassified to Mental Health Administrator IV. Although Claimant did not request a reconsideration and did not receive a reconsidered decision, her position was nevertheless reallocated to Mental Health Administrator IV on November 7, 1979, and has been paid accordingly since that date. The other four employees, however, received retroactive increases going back to December of 1978, the date of their requests for reconsideration.

The question now before the Court is whether Claimant should also be paid retroactively to the date the others made their requests, notwithstanding the fact that Claimant made no such request. It is the opinion of the Court that Claimant is not entitled to retroactive benefits from her reallocation. Rule 1—30 states quite clearly that the effective date of the reconsidered decision shall be the date on which the request for reconsideration was received by the Director. Since no request was made, the effective date of the reallocation cannot occur prior to the date of the reallocation itself, which was November 7, 1979. The fact that the other four employees followed the provisions of Rule 1—30 does not entitle

Claimant to a retroactive increase. Claimant's rights and benefits must be determined by her own conduct rather than that of others in similar situations.

The provisions of Rule 1—30 have been upheld and followed by this Court in prior cases, where we held that the Rules of the Department of Personnel have the force and effect of law. (*Deutsch v. State* (1980), 33 Ill. Ct. Cl. 157, *Lewis v. State* (1980), 33 Ill. Ct. Cl. 150, *Smith v. State*, 34 Ill. Ct. Cl. 384, and *Swartz v. State* (1980), 33 Ill. Ct. Cl. 139.) The instant claim presents no grounds for the Court to abandon this position, and offers no facts indicating Claimant's entitlement to any salary increase retroactive from the date of her reallocation.

This Court hereby grants Respondent's motion for summary judgment, and the claim is hereby denied.